UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RONNIE MILES,

    Petitioner,

    v.                       CAUSE NO. 3:23-CV-682-APR

WARDEN,

    Respondent.

## OPINION AND ORDER

Ronnie Miles, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary decision (MCF-23-4-22) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of aiding in the possession of a cellphone in violation of Indiana Department of Correction Offenses 111 and 121. Following a hearing, he was sanctioned with sixty days earned credit time.

Miles argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence to support the finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

**Webb v. Anderson**, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, satisfies the "some evidence" standard. **McPherson v. McBride**, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

Departmental policy defines possession as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

[DE 11-11 at 6]. The administrative record included a conduct report in which an investigator represented that he searched Miles' cell and found two notes related to drug activities in Miles' property and found a cellphone that contained information indicating that Miles had used it. [DE 11-1]. The record contained photographs of the notes, which suggested that Miles intended to send text messages. [DE 12]. Other evidence included screenshots of text messages from a cellphone that appeared to be sent by Miles. *Id.* The record also contained a witness statement from Miles' cellmate who represented that he never saw Miles use or possess the cellphone. [DE 11-5].

Overall, the administrative record contained sufficient evidence to suggest that the Miles used the cellphone, which implies that at some point Miles possessed the cellphone as defined by departmental policy. Given Miles' use of the cellphone and its presence in his cellmate's mattress, the administrative record also contained evidence suggesting that Miles, at minimum, encouraged his cellmate to possess a cellphone, which implies that Miles aided and abetted his cellmate in committing a disciplinary violation. *See* DE 11-11 at 2 (IDOC definition of aiding and abetting). While Miles noted that his cellmate claimed ownership of the cellphone, the hearing officer was not required to credit his cellmate's statement to this effect. And even if the hearing officer had, there is no logical inconsistency in finding one inmate guilty of possessing a cellphone and finding another inmate guilty of aiding or abetting the commission of that disciplinary offense. As a result, this claim is not a basis for habeas relief.

Miles argues that he is entitled to habeas relief because he was not allowed to review the investigatory evidence mentioned in the conduct report. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." **Wolff v. McDonnell**, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Prison officials may also prevent an inmate from reviewing material, exculpatory evidence if its disclosure would present a risk to the security of the facility and the safety of those within it. *See* **Piggie v. Cotton**, 344 F.3d 674, 678 (7th Cir. 2003); **Chavis v. Rowe**, 643 F.2d 1281, 1286 (7th Cir. 1981).

At screening, Miles asked to review the investigatory evidence mentioned in the conduct report. [DE 11-2]. The screening officer rejected the request because the evidence was confidential. [DE 11-6]. The screening officer forwarded the evidence to the hearing officer. *Id.* As indicated by the screening officer, the administrative record included this investigatory evidence, which consisted of an investigative report, photographs of the confiscated items, and screenshots of text messages. [DE 12]. Elaborating on the screening officer's explanation, the Warden represents that disclosure of the investigatory evidence would reveal the investigatory techniques used by correctional officials to conduct investigations and would allow inmates to thwart these techniques and evade detection. [DE at 11]. Given these security concerns, correctional staff did not err by preventing Miles from reviewing the investigatory evidence. Thus, this claim is not a basis for habeas relief.

Because Miles has not asserted a valid claim for habeas relief, the habeas petition is denied. If Miles wants to appeal this decision, he does not need a certificate of appealability

because he is challenging a prison disciplinary proceeding. *See* ***Evans v. Circuit Court***, 569 F.3d 665, 666 (7th Cir. 2009). That said, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal here could not be taken in good faith.

For these reasons, the court:

(1) **DENIES** the habeas corpus petition [DE 1];

(2) **DIRECTS** the clerk to enter judgment and close this case; and

(3) **DENIES** Ronnie Miles leave to proceed in forma pauperis on appeal.

SO ORDERED on December 21, 2023.

/s/ Andrew P. Rodovich
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

4